(Hamilton County, Court of Common Pleas.)

JAMES T. DAVIS AND ALEXANDER SLOCUM v. THE CITY OF CINCINNATI.

*As to the improvements of alleys twenty feet or less in width.*
The authority and jurisdiction of the Board of Administration in proceedings to improve alleys of twenty feet or less in width in cities of the first grade, of the first class, is made exclusive by the act of March 30, 1893 (90. O L., 258).

(Decided February, 1897.)

---

HOLLISTER, J.

Action to restrain the collection of an assessment for the improvement of Baltzer alley in the city of Cincinnati. The decision of one question renders unnecessary the determination of other points raised in the case. That question is whether or not the Alley Act, passed by the Legislature March 30, 1893, (90 O. L., 258,) provides an exclusive method for the improvement of alleys of twenty feet or less in width in cities of the first grade of the first class.

An ordinance to improve the alley on which plaintiff's respective properties abut, was passed by the Board of Legislation on June 23, 1893, that board being the successor of the City Council, and invested with its powers. The steps taken in the entire proceeding were under the general laws in force governing improvements of streets and alleys prior to March 30, 1893, and for the purposes of this case may be assumed to have been regular in all respects if the Board of Legislation had jurisdiction in the premises. But the Alley Act authorizes the Board of Administration to improve alleys of twenty feet or less in width, within which description Baltzer alley comes, and prescribes the method of procedure which shall govern that board in making the improvements.

In section 3 of the act, wherein is found the manner in which proper-ty owners shall mak their claims for damages, it also provides that: "All other questions pertaining to such claims for damages and assessment of or compensation for the same shall be governed by the provisions of law now applicable to like claims; except that in all cases concerning the class of improvements herein provided for, the Board of Administration shall take the place and authority of Council or the Board of Legislation." It seems to me that this language sets the question at rest. If that board takes the place of the Board of Legislation, there is no room left within which the Board of Legislation may operate. This is axiomatic. Hence the authority of the Board of Administration was after March 30, 1893, exclusive. In other words, the act took away from the Board of Legislation its jurisdiction of the subject matter. If it had no jurisdiction, its resolution to improve was a nullity.

It is settled that the manner of assessment must be in accordance with the laws in force at the time of the passage of the improvement ordinance. As this was not done, there is no valid assessment against the plaintiff's property. Cincinnati v. Seasongood, 46 Ohio St., 296; Shehan v. Cincinnati, 25 Bull., 212.

There are other features of the Alley Act besides that referred to, notably the last eight lines of section 5, which indicate that the legislature intended that the jurisdiction of the Board of Administration should be exclusive.

As the question of the constitutionality of the Alley Act was not raised in this case, I express no opinion thereon. If the conclusion reached in this case is correct, the plaintiffs are entitled to a perpetual injunction, and it is so ordered.

Theodore Horstman and J. V. Campbell, for the plaintiffs.
Corporation Counsel, for the City.